UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TERRELL MCQUEEN,

                           Plaintiff,

v.                                            9:19-CV-0998
                                                        (TJM/CFH)

UNITED STATES OF AMERICA,

                           Defendant.

---

APPEARANCES:

TERRELL MCQUEEN
Plaintiff, Pro se
65130-050
Hazelton FCI
P.O. Box 5000
Bruceton Mills, WV 26525

THOMAS J. MCAVOY
Senior United States District Judge

**DECISION AND ORDER**

## I. INTRODUCTION

The Clerk has sent to the Court a pro se Complaint filed by plaintiff Terrell McQueen ("Plaintiff"), who is presently incarcerated at the Federal Correctional Institution in Bruceton Mills, West Virginia. Dkt. No. 1 ("Compl."). This action was originally filed by Plaintiff in the United States District Court for the Northern District of West Virginia, and was transferred to this District by Order of Northern District Judge Frederick P. Stamp, Jr. Dkt. No. 24. Plaintiff paid the full filing fee of $400.00 and states that he filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. *See generally*, Compl.

1

## II. SUFFICIENCY OF THE COMPLAINT

### A. Standard of Review

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While pro se parties are held to less stringent pleading standards, the Second Circuit has held that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee." *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Id*. at 364. A cause of action is properly deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. Summary of the Complaint[1]

---

[1] The Complaint includes exhibits. *See* Dkt. No. 1-1. To the extent that the exhibits are relevant to the incidents described in the Complaint, the Court will consider the Complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

3

The incidents that form the foundation for the Complaint occurred while Plaintiff was confined at the Federal Correctional Institution at Ray Brook, New York. *See generally,* Compl. The following facts are set forth as alleged by Plaintiff in his Complaint.

Plaintiff alleges that while he was incarcerated at Ray Brook, he received medical treatment from various providers including an Adult Nurse Practitioner ("ANP"), K. Sorrell ("Sorrell")[2]. Dkt. No. 1-1 at 1-8. In November 2016, Sorrell prescribed medication to treat lesions on Plaintiff's scalp, forehead, lip, chin, and neck. *Id*. at 2. Sorrell had not previously prescribed the medication, Sulfamethoxazole/Trimeth DS, and did not mention the potentially dangerous side effects. *Id*. In July 2017, Sorrell prescribed the medication, for a second time to treat lesions, and failed to explain the side effects, including vision problems. *Id*. at 4.

On November 28, 2017, Plaintiff was examined by Sorrell after he fell and hit his head on the floor while playing basketball. Dkt. No. 1-1 at 4. Two days later, Plaintiff's vision was blurred and impaired. *Id*. On December 12, 2017, Sorrell examined Plaintiff for complaints related to decreased vision. *Id.* Sorrell explained that Plaintiff needed emergency care for his eye, but that the proper care could not be found near Ray Brook. *Id.* Sorrell told Plaintiff that, "in order to save money for Ray Brook, Plaintiff was going to be reassigned to a CARE 2." Dkt. No. 1-1 at 4. Plaintiff claims that Sorrell did not attempt to locate the proper care near Ray Brook. *Id.*

In January 2018, Plaintiff arrived at Hazelton Correctional Institution. Dkt. No. 1-1 at 5. In February 2018, Plaintiff was diagnosed with a retinal tear with detachment and underwent surgery. *Id*. at 5-6.

---

[2] Sorrell is not named as a defendant in the caption of the Complaint or otherwise identified as a party in the pleading.

On May 1, 2018, Plaintiff filed a personal injury/property tort claim with the "Mid-Atlantic Regional Office." Dkt. No. 1-1 at 7. The claim was received on May 10, 2018 and assigned a claim number. *Id*. Plaintiff received a response on November 17, 2018. *Id.* On March 19, 2019, Plaintiff filed the within action. Compl. at 10.

Plaintiff claims that his injuries are a result of negligence and "deliberate indifference" on the part of Sorrell, an "agent" of the United States of America, acting in her capacity as an ANP for the Federal Bureau of Prisons. Compl. at 7; Dkt. No. 1-1 at 1, 6. Construing the Complaint liberally, the negligence claim will be considered filed under the FTCA and Plaintiff's claim alleging deliberate indifference will be treated as one brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

### III. ANALYSIS

#### A. FTCA

The FTCA constitutes a waiver of the Government's sovereign immunity from suit for claims of property damage or personal injury caused by the "negligent or wrongful act or omission" of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The statute of limitations for actions brought pursuant to the FTCA is set forth in 28 U.S.C. § 2401(b), which provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The only proper defendant to an action under the FTCA is the United

5

States. *See Watts v. U.S. Federal Bureau of Prisons*, No. 9:07-CV- 773, Report-Recommendation, 2009 WL 81285, at *4 & n. 1 (N.D.N.Y. Sep. 30, 2008) (Peebles, M.J.) (citing cases), *adopted,* 2009 WL 81285, at *1 (N.D.N.Y. Jan. 9, 2009) (Hurd, J.). Tort claims, such as claims of medical malpractice, are actionable under the FTCA. *United States v. Kubrick*, 444 U.S. 111 (1979).

It is clear that "[u]nder the FTCA, before a claimant can file suit, he or she must first present the claim to the appropriate federal agency . . . within two years of the date the claim accrued." *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013) (citing 28 U.S.C. § 2675(a)). "The claimant can only initiate his or her lawsuit once the claim has been denied by the agency (or if the agency has failed to make a decision within six months after the claim was filed)." *Id*. (citing 28 U.S.C. § 2675(a)). In other words, the FTCA requires a plaintiff to exhaust all administrative remedies before filing suit in federal court. *Celestine v. Mount Vernon Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Here, Plaintiff claims that he filed a claim with the appropriate agency, in a timely manner, before initiating the within action. Dkt. No. 1-1 at 6-7. Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that Plaintiff's FTCA claim survives sua sponte review and requires a response.

**B.** ***Bivens***

In light of Plaintiff's status as a pro se litigant, the Court has also considered whether the Complaint states claims cognizable under *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[3]

*Bivens* actions, although not precisely parallel to actions pursuant to 42 U.S.C. § 1983 against state actors, are the analog to such actions; and the constitutional standard of review is the same for either type of action. *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (per curiam). Thus, federal courts have "typically incorporated § 1983 law into *Bivens* actions." *Tavarez*, 54 F.3d at 110.

A court presented with a claim styled as a *Bivens* claim must first determine whether it "meaningful[ly] differ[s]" from the three *Bivens* claims the Supreme Court previously recognized, which include (1) a Fourth Amendment "claim against FBI agents for handcuffing a man in his own home without a warrant", (2) a Fifth Amendment "claim against a Congressman for firing his female secretary", and (3) an Eighth Amendment "claim against a prison official for failure to treat an inmate's asthma." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (citations omitted). "If the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is new." *Id*. Once it is established that a case presents a new *Bivens* context, "a special factors analysis" is required before it may proceed. *Id*. "The 'inquiry must concentrate on whether the [j]udiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action.' " *Abdoulaye v. Cimaglia*, No. 15-CV-4921, 2018 WL 1890488, at *6 (S.D.N.Y. Mar. 30, 2018) (citing *Ziglar*, 137 S.Ct. at 1857-58).

Here, Plaintiff claims that Sorrell was "deliberately indifferent" to his medical needs in violation of the Eighth Amendment. This claim does not present a "new" *Bivens* context.

---

[3] In the Complaint, Plaintiff claims that Sorrell's statement about money and budget, "constitutes negligence and deliberate indifference[.]" Dkt. No. 1-1 at 6.

7

*See Carlson v. Green*, 446 U.S. 14, 18-19 (1980) (holding that the Eighth Amendment Cruel and Unusual Punishments Clause gave federal prisoner's estate a damages remedy for failure to provide adequate medical treatment).

While a plaintiff may bring a *Bivens* action against a federal agent who engages in unconstitutional conduct under color of his authority, suit cannot be maintained against the agency for which the official works, which generally enjoys sovereign immunity from suit. Since the United States is entitled to sovereign immunity, and has not expressly waived that immunity, Plaintiff may not maintain his claim for a violation of his constitutional rights against the United States. *See Bivens*, 403 U.S. at 410; *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 72 (2001) (holding that plaintiff could not bring a *Bivens* claim against the United States or the employing federal agency, the BOP).

Accordingly, the Court finds that Plaintiff's claim against the United States is not cognizable in a *Bivens* action.[4]

### C. Service of Process

In this case, Plaintiff paid the entire filing fee for this action. As a result, Plaintiff is responsible for serving the summons and Complaint on Defendant. Rule 4 of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court may order that

---

[4] Rule 10(a) of the Federal Rules of Civil Procedure provides that, "the title of the complaint must name all the parties." A party not named in the caption of the complaint is not a party to the action. *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (holding that the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims). "If [ ] people are not [ ] named in the caption of the [ ] complaint, they will not be defendants in the case." *See Whitley v. Krinser*, No. 06-CV-0575, 2007 WL 2375814, at *1 (W.D.N.Y. Aug. 15, 2007).
Here, Plaintiff refers to Sorrell but does not name her in the caption or designated her as a party to the action. The Court will not construe the Complaint to assert any cause of action against any individual not named in the caption or identified as a defendant.

service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). In order to advance the disposition of this action, and in light of the fact that Plaintiff is proceeding pro se, to effectuate service by the United States Marshal, Plaintiff must (1) pay the service fee due to the U.S. Marshal in full in advance;[5] and (2) provide all necessary papers for service, including a completed U.S. Marshals Form and summons form (both of which may be obtained from the Office of the Clerk of the Court) for the defendant, and a copy of the complaint for the defendant. Plaintiff is directed to send the service documents and payment of the service fee to the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367, to be forwarded by the Clerk to the U.S. Marshal.

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's FTCA claim survives sua sponte review and require a response; and it is further

**ORDERED** that plaintiff's *Bivens* claim is **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)[1]; and it is further

**ORDERED** that Plaintiff is afforded an opportunity to request an order of this Court

---

[5] Payment of the service fee must be made by money order or certified check payable to "U.S. Marshal." For service by mail, the fee is $8.00 per summons and complaint. The cost of service by mail on the Defendant is $8.00. Plaintiff is advised that if initial service is unsuccessful, he will be required to pay the U.S. Marshal any additional fees, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal.

9

directing service by the U.S. Marshal and provide payment of the service fee to the U.S. Marshal in full by money order or certified check; and it is further

**ORDERED** that upon Plaintiff's request for assistance with service of process, the Clerk shall return the file to the Court for further review; and it is further

**ORDERED** that if Plaintiff does not request for assistance with service of process **within twenty (20) days** of the filing date of this Decision and Order, the Clerk shall issue a summons and forward it to Plaintiff, who shall be responsible for effecting service of process on Defendant.  Upon issuance of the summons, the Clerk shall send a copy of the summons and Complaint to the United States Attorney for the Northern District of New York ("U.S. Attorney's Office"), and the Attorney General of the United States in Washington, D.C., together with a copy of this Decision and Order; and it is further

**ORDERED** that Defendant or counsel, file a response to the Complaint as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local

10

Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

    **ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

September 5, 2019

Thomas J. McAvoy
Senior, U.S. District Judge